CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
RK
APR 29 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARGUERITE G. BROWN, #319296,<br>Plaintiff, | ) ) ) | Civil Action No. 7:04cv00759 |
| v. | ) ) ) | **ORDER** |
| FLUVANNA CORRECTIONAL CENTER<br>for WOMEN, et al.,<br>Defendants | ) ) ) ) | By: Jackson L. Kiser<br>Senior U.S. District Judge |

By order entered April 14, 2005, the court dismissed this action without prejudice upon finding that plaintiff had not complied in a timely manner with the court's conditional filing order. Plaintiff has filed objections to this dismissal and submitted a motion to reconsider the court's order dismissing his case. Upon review of the record, the court finds that plaintiff has presented evidence to the court that she was and continues to be unable to submit the required financial records to the court pursuant to prison policy. Finding good cause, pursuant to <u>Lewis v. Richmond City Police Depot</u>, 947 F.2d 733 (4th Cir. 1991), the court will reinstate the case to the active docket. As it appears that plaintiff has complied with prefiling requirements for prisoner civil actions, pursuant to 28 U.S.C. §1915 and 42 U.S.C. §1997e(a), it is now

ORDERED

as follows:

(1) The plaintiff's motion to reconsider is **GRANTED** and this action is hereby **REINSTATED** to the active docket of the court.

(2) Plaintiff is directed to execute the enclosed consent to withholding of fees from her inmate account. FAILURE TO RETURN THE SIGNED CONSENT FORM TO THE COURT WITHIN TWENTY (20) DAYS OF THE DATE OF ENTRY OF THIS ORDER

SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.

(3) Once served, the defendants shall file their responsive pleadings within sixty (60) days from the date set forth on the Notice of Lawsuit if the defendants choose to return the Waiver of Service of Summons form within thirty (30) days of that same date. See gen. Rule 4(d) of the Federal Rules of Civil Procedure. The defendants may choose to waive the filing of a reply pursuant to 42 U.S.C. §1997e(g). Such a waiver shall be made by way of a formal pleading.

(4) If the defendant(s) dispute plaintiff's assertions that she has fully exhausted administrative remedies, defendant(s) may raise this issue by way of a motion to dismiss for failure to exhaust. Defendants other than employees of the Virginia Department of Corrections may wish to attach to their motion to dismiss a copy of the applicable grievance procedure.

(5) Both sides are advised that pursuant to Standing Order of Court entered May 3, 1996, and Rule 83(b) of the Federal Rules of Civil Procedure, the Court may direct the parties in a prisoner civil rights case to file a motion for summary judgment supported by affidavits.

(6) The plaintiff is hereby granted 20 days from the receipt of a copy of defendants' answer and other responsive pleadings within which to file opposing affidavits or other appropriate material, if she be so advised. Failure to so respond may result in the entry of judgment against the plaintiff on the basis of defendants' responsive pleading;

(7) Parties are referred to Rule 5 of the Federal Rules of Civil Procedure which requires that every pleading after the complaint and every written motion, notice, or other similar paper be served on all parties, which service shall be made by mailing it to the parties' attorney;

(8) Plaintiff shall notify the Court immediately upon his transfer or release and shall provide

a new address if known. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE.

(9) Parties are advised that pursuant to Standing Order of Court entered February 2, 2004, all nondispositive matters in this case will be referred to the Hon. Michael F. Urbanski, United States Magistrate Judge. (See Appendix);

For reasons stated above, this complaint will be conditionally filed and will be maintained on the active docket to give the plaintiff the opportunity to correct deficiencies noted herein. <u>The defendant(s) shall be mailed a courtesy copy, but no answer will be required until further order of the Court.</u>

The Clerk is directed to send certified copies of this order to the plaintiff and to counsel of record for the defendant(s), if known.

ENTER: This 29th day of April, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: FILING AND PROCESSING | ) | |
| PRISONER CIVIL RIGHTS CASES | ) | STANDING ORDER OF REFERENCE |
| AND PETITIONS FOR WRITS OF | ) | |
| HABEAS CORPUS | ) | |

In furtherance of a more centralized system for processing prisoner civil rights cases and petitions for writs of habeas corpus, it is now ORDERED that all such cases will be routinely referred to United States Magistrate Judge Michael F. Urbanski for purposes of consideration and ruling as to any and all nondispositive, pretrial matters and motions as may arise. This order is entered under the authority of 28 USC § 636(b)(1)(A), and the provisions set forth thereunder shall govern the magistrate judge's conduct and scope of authority.

For purposes of the Order, the terms prisoner civil rights cases and petitions for writs of habeas corpus shall be deemed to include the following:

  a. Civil rights complaints filed pursuant to 42 USC § 1983;
  b. civil rights complaints filed pursuant to 28 USC § 1331 (*Bivens* actions);
  c. habeas corpus petitions filed pursuant to 28 USC § 2241 (federal habeas);
  d. habeas corpus petitions filed pursuant to 28 USC § 2254 (state habeas);
  e. habeas corpus petitions filed pursuant to 28 USC § 2255 (federal habeas).

This Standing Order supercedes all prior orders of reference in prisoner civil rights cases and petitions for writs of habeas corpus entered by this court.

The clerk is directed to enter this Standing Order in the order book for each division of this court and to associate a copy of this Order with filings as outlined above to all parties in all cases.

ENTER: This 2nd day of February, 2004.

FOR THE COURT:

/s/ Samuel G. Wilson
Samuel G. Wilson
Chief U.S. District Judge

# INMATE CONSENT FOR WITHHOLDING OF PAY
# FOR ASSESSED PARTIAL FILING FEE

**MARGUERITE G. BROWN, #319296,**
    Plaintiff,                                  Civil Action No. 7:04-cv-00759
v.                                                         CONSENT TO FEE

**FLUVANNA CORRECTIONAL CENTER
for WOMEN, et al.,**
    Defendants.

I, **Marguerite G. Brown, # 319296,** hereby consent for the appropriate prison officials to withhold from my prison account an initial payment of **$1.00** dollar and to collect on a continuing basis each month, an amount equal to 20% of each prior month's income, until such time as the filing fee of $150.00 has been collected in full. Each time the collection of payments reaches the amount of $10.00, the Trust Officer shall forward the interim payment to the Clerk's Office, U. S. District Court, P. O. Box 1234, Roanoke, VA 24006, until such time as the fees are paid in full. By executing this document, I also authorize withholding of any amount of costs, sanctions, and/or fees which may be imposed by the Court as a result of or during this litigation.

                                                                    _____
                                                                    SIGNATURE OF PLAINTIFF

(For Trust Accounts Officer Use)

| TOTAL FEE ASSESSED $150.00 | AMOUNT WITHHELD | MONTH WITHHELD | PRIOR MONTHS INCOME |
|---|---|---|---|
| $150.00 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |